**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CONRAD K. CONTI, | DOCKET NUMBER |
| Appellant, | PH-0752-24-0318-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: May 28, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Conrad K. Conti, Butler, Pennsylvania, pro se.

Kyle Hildebrand, Esquire, Atlanta, Georgia, for the agency.

Roderick Eves and Franklin Ayetin, Saint Louis, Missouri, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his suspension appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, but, in light of evidence and argument submitted in response to a show cause order, DISMISS the appeal as moot.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant filed a Board appeal challenging, among other things, a suspension of more than 14 days and submitted a copy of the agency's "Emergency Placement" letter notifying him of his placement in an "off-duty (non-pay) status," effective March 29, 2024. Initial Appeal File (IAF), Tab 1 at 3, Tab 2. During the pendency of litigation, the agency filed a motion to dismiss the appeal for lack of jurisdiction arguing, in part, that the Board lacked jurisdiction over the appeal because it had provided the appellant with status quo ante relief by placing him in an administrative leave status, effective March 29, 2024. IAF, Tab 6 at 5-6. Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant had failed to nonfrivolously allege that his emergency placement amounted to a constructive suspension. IAF, Tab 10, Initial Decision at 1, 3-4. The administrative judge did not address the agency's argument that it had provided the appellant with status quo ante relief.

The appellant filed a petition for review, and the agency filed a response, reiterating that the appeal is moot because it had provided the appellant with status quo ante relief. Petition for Review (PFR) File, Tab 1, Tab 3 at 5-7. The appellant did not file a reply to the agency's response or otherwise dispute the claim that he had received status quo ante relief. Noting that the record lacked evidence to support the agency's claims that it had provided the appellant with relief, the Clerk of the Board issued an order, ordering the parties to submit further argument and evidence clarifying the claims, including the date the appellant's nonpay emergency leave ended and the precise nature of any relief provided by the agency. PFR File, Tab 4 at 1, 3. The agency responded to the order, asserting that it had "paid [the] [a]ppellant administrative leave for all days he was on Emergency Placement between March 29 and April 26, 2024," and attached time and attendance records, as well as payroll records, in support of its assertion. PFR File, Tab 6 at 4, 8-15. The appellant did not respond to the Board's order.

## DISCUSSION OF ARGUMENTS ON REVIEW

A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the case. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016). An appeal will be dismissed as moot if, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant. *Id.* Thus, an agency's complete recission of the action appealed, and an appellant's restoration to status quo ante, may render an appeal moot. *Id.*

On review the agency has asserted that it returned the appellant to the status quo ante and has provided documentation reflecting that it placed the appellant in a paid status during the relevant period. PFR File, Tab 3 at 6, Tab 6 at 4, 8-15. The appellant has not responded to the Board's order or otherwise disputed the agency's assertion that it provided him with status quo ante relief. *See, e.g.*, PFR File, Tab 1 at 3. Accordingly, we accept the agency's representations that it returned the appellant to the status quo ante and dismiss the appeal as moot.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in

part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

                                     Gina K. Grippando
                                     Clerk of the Board

Washington, D.C.